**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 05-7343

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE CLEVELAND JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-02-22; CA-02-866-2)

_____

Submitted: January 26, 2006          Decided: February 2, 2006

_____

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Ronnie Cleveland Johnson, Appellant Pro Se. Darryl James Mitchell, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Cleveland Johnson seeks to appeal the district court's order construing his petition for writ of mandamus as a successive motion under 28 U.S.C. § 2255 (2000), and dismissing it for lack of jurisdiction and the order denying his motion timely filed under Fed. R. Civ. P. 59(e). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Johnson's Rule 59(e) motion was entered on the docket on June 14, 2005. See Fed. R. App. P. 4(a)(4)(A)(iv). The notice of appeal was filed on August 26, 2005.[*] Because Johnson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal

---

[*]For the purpose of this appeal, we assume the date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
